# CHARLESTON.

## KAHLE v. OIL COMPANY.

Submitted January 31, 1902.    Decided March 29, 1902.

1. INSOLVENT CORPORATION—*Laborer's Lien.*

    A laborer's lien against an insolvent corporation is not invalid because sworn to and filed in the county clerk's office after a suit to wind up its affairs and apply its property to creditors' debts has been instituted.    (pp. 315, 316).

2. LABORER'S LIEN—*Petition—Limitation.*

    A laborer's lien on the property of an insolvent corporation does not lapse and become lost by failure to sue upon it within six months after filing the account, if within that time he files his petition to enforce it in a suit brought by one credtor for himself and others to wind up the affairs of the corporation and apply its property for payment of its creditors.    (p. 316).

3. CREDITOR—*Insolvent Corporation—Commissioner's Report.*

    A suit by one creditor for all, against an insolvent corporation; a report by a commissioner, of various debts against it; an exception by one creditor to the allowance of a debt of another; a decree sustaining that exception and adjudging the debt no lien, but only a general debt, and recommitting the report to ascertain liens, debts and assets; such a decree is appealable as to the creditor whose debt is thus disallowed.    (pp. 316, 317).

4. CREDITOR'S BILL—*Insolvent Corporation—Appeal.*

    On a creditor's suit to convene the creditors of an insolvent

corporation, a creditor whose debt, or its lien, is by a decree disallowed, may appeal without awaiting further action of the court as to debts of other creditors.   (p. 315).

Appeal from Circuit Court, Tyler County.

Bill by Clarence Kahle, for himself and others, against the Long Reach Oil Company.   McCutcheon and Sterner were made parties, and appeal from the judgment rendered.

*Reversed as to McCutcheon, and dismissed as to Sterner.*

MOORE & KESTERSON and ENGLE & RIGGLE, for appellants.

S. B. ANKRUM, M. D. HANES, and F. L. BLACKMARR, for appellees.

BRANNON, JUDGE:

Kahle brought a chancery suit in behalf of himself and other creditors of the Long Reach Oil Company, against that company and others, in the circuit court of Tyler County, to enforce a debt of Kahle against the company, and to declare certain deeds of trust upon its property executed by the company, as void as to other creditors, because preference was accorded to them, and to ascertain all debts against the company, fix their priorities and subject its property to their payment.

In this suit McCutcheon filed a petition seeking to enforce a laborer's lien against the company. Sterner, also, filed his petition seeking to enforce another laborer's lien in his favor. The petitions were filed by leave of the court, and McCutcheon and Sterner were made parties by order of the court. The case was referred to a commissioner who reported various debts against the company, among them the debts of McCutcheon and Sterner, and according them preference as laborers' liens. Kahle excepted to the report, because of the allowance of the debts of McCutcheon and Sterner, especially because these were accorded the rank of liens, and the court entered a decree adjudicating that these debts were not liens, but simply common debts, without any preference. There was another large debt reported as a debt in favor of the Oil Well Supply Company, and the court in said decree refused to pass upon it at that time, but referred it back to the commissioner for further proof and recommitted the whole report for the purpose of ascertain-

ing the debts and their priorities as to the property of the corporation, and what property the corporation owned. McCutcheon and Sterner have united in an appeal from that decree.

The appeal makes the point that we have no jurisdiction to decide this appeal, because the decree is not an appealable decree. We do not sustain this point. The decree as to McCutcheon holds that they are not liens, but only general debts, and thus settles their status finally. It adjudicates the principles of their debts. It only remained in a future decree to carry out that decree. Surely a decree sustaining an exception to a report which allows a debt in a general creditor's suit against the estate of a decedent, or a corporation, and either rejects that debt or denies it priority as a lien, settles the right of that creditor. *Wood* v. *Harmison,* 41 W. Va. 376. Unless retracted, that decree would deny these creditors the benefit of a lien, and it is doubtful whether the court could thereafter retract it. The only question in my mind is that arising from the fact that the court recommitted the case to a commissioner, and left many of the debts yet to be passed on. And it is claimed that under principles stated in *Shirey* v. *Musgrave,* 29 W. Va. 131, and *Sturm* v. *Fleming,* 26 *Id.* 54, the decree is not appealable; but I hold that in a suit like this, involving the separate rights and debts of many persons, when a decree is made as to one person, which adjudicates finally his rights, he need not await further proceedings as to other parties and their rights, but may appeal at once from a decree adjudicating his rights, if such is the character of the decree considered as to him separately. Any other construction of those decisions would be unsatisfactory. Therefore, we have jurisdiction of this appeal.

It is claimed that McCutcheon's debt cannot be allowed its rank as a laborer's lien, because this suit had been brought, and an injunction granted before McCutcheon swore to his claim. It is contended that by the institution of the suit, the court took possession of the assets of the corporation, and they were in *custodia legis* and could not be affected by a laborer's lien thereafter matured. First, I say the property was not in *custodia legis* so as to prevent a laborer's lien from being matured so as to be proven in a pending case or sued upon separately. Even if the property were regarded as in the custody of the law, I know no legal principle which would prevent the issue of an

execution, or of an attachment to mature the lien. Secondly: I say that there was no injunction binding McCutcheon; (a) because he was not a party to the suit at the date of the injunction; (b) that injunction did not enjoin such act of maturing the lien, but only enjoined the company from selling, encumbering or removing its property.

Another point made against McCutcheon is, that he did not bring a distinct suit, as provided by statute, to enforce his lien. While it is unquestionable that a laborer's lien is the child of statute, and that the directions of the statute must be followed, and this includes a suit, still, there is nothing to prevent a party having such lien from bringing it in to such a suit as this, as it is a suit brought by one creditor expressly for himself and all other creditors. Granting that the party has a lien, what is to prevent him from coming into such a suit? It may indeed be said that he is compelled to do so if he have knowledge of the pendency of such a suit, so as to save the estate of the corporation from being destroyed by costs under principles stated in *Laidley* v. *Kline,* 23 W. Va. 565. But waiving that matter, certain legal principles do certainly justify the admission of this lien in this suit. We find it laid down in Phillips on Mechanics' Liens, s. 257, that: "The equitable doctrine of marshalling of securities applies to mechanics' liens. It has been objected that the lien is only statutory, and cannot, therefore, be enforced in any other way or to any greater extent than is given by the act creating it. But this objection is not well founded. The lien must, beyond question, be perfected in strict conformity with the law; but when so perfected, it may be governed by other rules than those especially designated in it. The lien of a judgment exists only by force of statute. It is nowhere provided in the statute that it shall be such a lien as courts of equity are to respect in marshalling assets, yet the general equitable doctrine of marshalling has always been applied to a lien of that description, and the propriety of so doing has never been questioned. If the doctrine is applied to mortgages and judgments, there can be no reason why it should not equally apply in favor of claimants holding mechanics' liens." These principles of marshalling being similar to the question now under consideration this law justifies the allowance of McCutcheon's debt in this suit. But that is not all. All authority holds that when a corporation becomes notoriously insolvent it is, in the eye of the

law, a dissolution. 3 Thompson Corp., s. 3335, 3347. Insolvency works *de facto* dissolution, so as to let in creditors to their equitable remedies. 5 Thomp. Corp., s. 6666. No one will dispute that the assets of an insolvent corporation are a trust fund for the benefit of creditors. 5 Thomp. Corp., s. 6555. And who can dispute that a court of equity may properly entertain a suit by one creditor for himself and all others, to marshall and administer the property of such corporation to meet demands against it? *Graham* v. *Railroad,* 102 U. S. 148, 161. When a bill is brought by one creditor of an insolvent corporation for himself and others, any creditor may have its benefit for whatever are his legal rights. 5 Thomp. Corp. 6567. Moreover, it does not lie with Kahle to object to this, for the record shows that he had an order entered in this case, enjoining all persons from instituting any separate suits, and compelling them to seek relief only through this suit. This is an estoppel.

There is another consideration potent here. This is a suit to annul a fraudulent conveyance, fraudulent in law, because an illegal preference, and we have decided that any creditor may come into such a suit by petition, to have relief. *Richardson* v. *Ralphsnyder,* 40 W. Va. 15. And I will ask, is not this petition of McCutcheon's, a stranger coming into the suit, a suit itself? In any respect, a petition thus filed is regarded a suit. Process must be issued upon it under our decisions. Surely it is a suit for the purposes of this case. *Morgan* v. *Morgan,* 42 W. Va. 542. It would be indeed a harsh and unjust ruling that a laborer's lien creditor must bring a separate suit or lose his debt, when there is pending already a suit for the benefit of all creditors, proposing to sell all the assets of the corporation for all creditors. It would be very inconvenient to have a multiplicity of separate suits. Would you enter a separate decree of sale in each separate suit? If there were separate suits, would you not have to consolidate them to prevent dire confusion in the subjection of assets?

The appellants assign as error, that the court erred in not passing at all on the demand of the Oil Well Supply Company. If we say the court erred therein, we would only direct the circuit court hereafter to pass upon it. It only said that the case was not yet ready for want of proof, and recommitted for evidence and will hereafter pass on it. There is no error in this. We

cannot adjudicate that matter, as the circuit court has not yet passed on it.

We will not consider the case of Sterner, because his debt is less than one hundred dollars. We have no jurisdiction of the appeal as to him.

For these reasons the decree of April 20, 1900, is reversed, in so far as it denies to McCutcheon the lien of his debt for so much thereof as may be found a proper laborer's lien, as there is some of it plainly for money paid, and not labor, and therefore not a laborer's lien; but so far as the proper amount of it is a laborer's lien, it ranks as a lien, not as a common debt. We dismiss the appeal as to Sterner, without costs to the appellee Kahle as to him.

*Reversed and Remanded.*