ROBERT J. GUNNING

*v.*

PAUL A. SORG *et al.*

*Opinion filed February 21, 1905—Rehearing denied April 14, 1905.*

1. APPEALS AND ERRORS—*resort cannot be had to the affidavit to show what questions were urged in Appellate Court.* Rule 15 of the Supreme Court, (204 Ill. p. 13,) providing that certified copies of the briefs and arguments used in the Appellate Court may be, upon leave granted, filed in the Supreme Court, precludes resort to affidavits to show what questions were urged in the Appellate Court.

2. SAME—*when question of insufficiency of evidence cannot be raised.* The question of the insufficiency of the evidence to support the decree cannot be raised in the Supreme Court if the certified copy of the brief and argument used in the Appellate Court shows that no such question was raised and argued.

3. EQUITY—*right of party to intervene in foreclosure.* A lessor who has instituted forcible detainer proceedings to recover the leasehold estate may, by leave of court, intervene in a proceeding for foreclosure and receivership under a trust deed made by the lessee on the leasehold estate, instituted while the forcible detainer proceeding was pending, and may seek cancellation of the trust deed if the same was made in violation of the conditions of the lease.

4. SAME—*equity having acquired jurisdiction may do complete justice.* A court of equity having acquired jurisdiction of a cause for any purpose may go on to a complete adjudication, and may establish purely legal rights and grant legal remedies.

5. SAME—*when equity may declare forfeiture of lease.* Where a ground lease has been forfeited for the failure to pay the rent reserved and the lessor has instituted forcible detainer proceedings, pending which the holder of the trust deed, made by the lessee upon the leasehold estate in violation of the terms of the lease, institutes a proceeding for foreclosure and a receivership, in which the lessor is allowed to intervene and assert his rights, the court, upon finding the trust deed to be void, may decree its cancellation, terminate the receivership, and, upon default in payment of rent due, declare the lease forfeited and order the receiver to give possession to lessor.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. P. VAIL, Judge, presiding.

On February 28, 1890, Paul J. Sorg, (now deceased,) father of the appellees Sorg, who was then the owner of the premises known as 178 Quincy street, in the city of Chicago, executed to one William J. Gunning a lease thereon for the term of ninety-nine years, at the annual rental of $1800, payable in advance, in quarterly installments of $450. The lease contained the following covenants: Said lessee also "covenants and agrees that during the existence of this lease he will not transfer or set over, or otherwise by any act or deed procure or permit his interest in the said premises and improvements thereon, or in any part thereof, to be assigned, transferred or set over, nor underlet said premises hereby demised, or procure the same to be done, to any person or persons whatsoever, without first obtaining the consent, in writing, of said party of the first part thereto; but nothing herein contained shall be so construed as to prevent the said party of the second part from renting the building or buildings on said premises, and that in the event that any assignment shall be made, (after complying with the conditions hereinbefore set forth,) the assignee shall be subject to same terms and conditions as to further assignment and to all covenants, agreements, provisions and conditions contained in this lease. It is further mutually understood and agreed by and between the parties hereto, that in case at any time during the continuance of this lease default should be made by said party of the second part in the payment of the rent above reserved * * * for thirty days after the same shall fall due or become payable, or in case of default in carrying out any of the covenants and agreements required to be kept, done or performed by said party of the second part for the space of thirty days, then and in that case it shall be lawful for the said party of the first part, at his election, to declare this lease at an end and the term hereby agreed fully determined, and into the said demised premises, and the buildings standing thereon, or any part thereof, to re-enter, and said party of the second part, or any other person or persons upon

or occupying the said premises, or any part thereof, to expel, remove or put out, using such force as may be necessary in so doing, and the said demised premises to re-possess and enjoy as in his first and former estate; and the said party of the second part shall forfeit all right and interest in and to the said demised premises, together with the buildings thereon, as well as all other rights acquired by virtue of this lease, and whenever the term hereby granted or the tenancy hereby provided shall be ended at such election by said party of the first part, as aforesaid, or in any of the other ways herein provided for, the tenancy of the said party of the second part shall cease. It is further mutually covenanted and agreed by and between the parties hereto that the said party of the second part shall pay and discharge all debts, attorney fees and expenses that shall arise or be incurred by said party of the first part by way of enforcing the covenants and agreements of this lease or in any other way caused to the first party in consequence of this lease."

On the 10th day of March, 1890, the lessor, Sorg, endorsed his consent, in writing, to the assignment of the lease to the appellant, using the following language, viz.: "Subject to all conditions, covenants and agreements therein contained, and which said Robert J. Gunning hereby assumes to perform; but this consent shall not be construed as a waiver of the necessity of the consent of the lessor to any future transfer of this lease." The appellant thereupon entered into possession of the premises through certain tenants, and paid the quarterly installments of ground rent to the lessor, Sorg, until February 28, 1897. The quarterly installment of $450 which then fell due was not paid. Like quarterly installments falling due May 28, August 28 and November 28, 1897, were not paid. On December 22, 1897, the lessor caused notice to be served on the appellant and one Malkan, a tenant of appellant, and on the appellee Phillips, who, as the lessor had been informed, had procured the lessee to execute to him a trust deed on the demised premises, notify-

ing them that because of the default in the payment of the rent he had elected to declare the lease at an end, and demanding possession of the premises be surrendered to him. Again, on December 27, 1897, the lessor caused another notice, directed to the appellant, to be served on Malkan, his tenant in possession, demanding possession of the premises within ten days because of the non-payment of the rent and the transfer of the leasehold interest to the appellee Phillips without the consent of the lessor. On the 8th day of January, 1898, the lessor instituted a suit in forcible detainer against the appellant and his tenant, Malkan.

On January 24, 1898, and before the forcible detainer proceeding had come on for hearing, the appellee Phillips filed in the circuit court of Cook county a bill in chancery against the appellant for a decree foreclosing the trust deed given him by the appellant, and for the appointment of a receiver to take possession of the demised premises, collect all rents due or to become due thereon, and hold the same for the purpose of applying the amount thereof on the indebtedness of the appellee Phillips which said mortgage was given to secure. On the same day on which the bill for foreclosure was filed, the appellant, Gunning, filed an instrument in writing in the said court, whereby he entered his appearance as defendant to the bill for foreclosure and expressly consented to the appointment of a receiver for the demised premises, as prayed in the bill.

On January 29, 1898, said Paul J. Sorg, by leave of court first had and obtained, filed an intervening petition in the foreclosure proceeding, setting up the facts hereinbefore recited as to the conditions of the lease and the default in payment of the rent and the execution of the trust deed to appellee Phillips, and averring that the trust deed had been executed without his knowledge and consent, and asking that the same be declared to be null and void as against his interest, and that he be decreed to be entitled to the possession of the premises, and that such lease and trust deed be canceled and set aside.

The appellee Phillips thereupon obtained leave to make said Sorg a party defendant to his bill of foreclosure, and amended his bill so as to accomplish this purpose. The bill was answered, and the appellant and appellee Phillips filed answers to the intervening petition of Sorg. The cause came on to be heard before the chancellor on the pleadings and on proof heard in open court, and a decree was entered dismissing the amended bill of the appellee Phillips as against the said Paul J. Sorg, and declaring that the equities were with the intervening petitioner, Sorg. The appellee Phillips thereupon offered, in open court, "to cancel and annul the deed of trust herein sought to be foreclosed against the premises in controversy, to cancel the assignment of the sub-lease made by Philip Malkan and return the same to the defendant, Robert J. Gunning, and further offering and binding himself, his agents and servants and all persons who may acquire from him the evidence of indebtedness owing to him by defendant, Gunning, or any interest or part therein, to not in any manner, either by operation of law or contract, to acquire or attempt to acquire any interest in said leasehold premises, or any part thereof, whether represented by the said lease executed by Paul J. Sorg to defendant, Robert J. Gunning, or by any sub-lease now existing or which may hereafter be made by any tenant or tenants of said demised premises to the said Robert J. Gunning; and the appellant, Robert J. Gunning, further offering to pay all rents due and owing to the said Paul J. Sorg, to pay all taxes now existing against the said premises and all costs and expenses incurred by the said Sorg in and about the enforcement of the conditions and covenants of said lease, and to further furnish an insurance policy or policies to the said Paul J. Sorg, as required by the terms of said lease, upon condition that if such offers be not accepted they shall not be construed as a waiver of any right except to appeal from any decree which may be entered herein, all of which offers the said Sorg in open court declines to accept, demanding the possession of the said

premises as prayed for in his petition of intervention." The
court thereupon heard proofs and entered a decree fixing
$2539.90 as the amount due for ground rent on the lease and
the sum of $638 as the amount of solicitors' fees and costs
paid by Sorg, and ordering that upon the payment of those
amounts and the performance by Phillips and Gunning of
that which they had tendered to perform within seven days
thereafter the lease should be adjudged to be in full force
and unimpaired, and that in the event of the failure of said
appellee Phillips and said Gunning to comply with said terms
and conditions within seven days thereof, the said trust deed
to the appellee Phillips should be set aside as having been
forfeited by its terms and the said Sorg let into the posses-
sion of the premises. The appellant and the appellee Phillips
failed to comply with the provisions of the decree, and the
court at a subsequent sitting, more than seven days later, on
proof of such default, entered a final decree declaring the
lease to be terminated and the trust deed set aside as to said
Sorg. The appellant, Gunning, brought the record into the
Appellate Court for the First District by writ of error, and
from a judgment of affirmance entered in that court has
prosecuted this appeal.

In the Appellate Court the death of Paul J. Sorg was
made known to the court, and the appellees, Paul Arthur
Sorg, Ada C. Sorg and S. Jennie Sorg, the heirs-at-law of
said deceased, were made defendants in error, and now ap-
pear in this court as appellees.

STORY, RUSSELL & STORY, (A. N. WATERMAN, of coun-
sel,) for appellant.

H. H. C. MILLER, W. S. OPPENHEIM, and J. AARON
ADAMS, for appellees.

Per CURIAM: The appellees Sorg applied for and ob-
tained leave to file in this court a certified copy of the brief
and argument filed in behalf of the appellant, Gunning, in the

Appellate Court, for the purpose of establishing that the appellant, who was plaintiff in error in the Appellate Court, did not in that court present any question touching the sufficiency of the evidence to support the decree or relating to the necessity for or lack of a certificate of evidence in the case. The brief and argument filed in pursuance of this notice support this contention of the appellees Sorg. Counsel for the appellant, in opposition, have, by leave given, filed the affidavit of Francis C. Russell, one of their number, who therein states that he argued the case orally in the Appellate Court, and in such oral argument insisted that because of the lack of a certificate of evidence in the record and the insufficiency of recitals in the decree nothing could be considered as established, as a matter of fact, except such matters as appeared by way of admissions in the pleadings. Rule 15 of this court provides that if it becomes important to know what questions were raised and submitted to the Appellate Court for decision, certified copies of the briefs and argument filed and used in that court may be filed in this court after leave granted. The proper construction of this rule would exclude a resort to affidavits as a means of determining what points were brought to the attention of the Appellate Court for decision. It appearing from the brief and argument filed in behalf of the appellant in the Appellate Court that no question was mooted in that court relative to the sufficiency or insufficiency of the evidence to support the decree, or that the decree should be reversed for the alleged want of a certificate of evidence and alleged insufficiency of the recitals of fact in the decree, those contentions cannot be urged in this court for the first time. *Sutter* v. *Rose,* 169 Ill. 66; *Abend* v. *Endowment Fund,* 174 id. 96.

We think the court properly permitted the lessor, Sorg, to interplead in the foreclosure proceeding instituted by Phillips. He had then pending an action in forcible detainer, but the court had, through a receiver, taken possession of the premises. The leased property was *in custodia legis.* The

action in forcible detainer had been instituted before the appointment of the receiver, but any attempt to enforce a judgment entered in the cause authorizing the lessor, Sorg, to interfere with the possession of the receiver would have been adjudged a contempt of the court which appointed the receiver. (*St. Louis, Alton and Springfield Railroad Co.* v. *Hamilton,* 158 Ill. 366.) Equity would afford Sorg a remedy to cancel the deed of trust which Gunning had executed to Phillips without the knowledge or consent of Sorg and in violation of the conditions of the lease, and this equitable relief might well be sought through the medium of an intervening bill filed in the proceeding in equity which Phillips had instituted to foreclose his mortgage. Moreover, Phillips voluntarily amended his bill and made Sorg a party defendant thereto, and his standing in this proceeding was thereby clearly established.

The chancellor heard the case upon the issues made under the original bill and the intervening petition, and determined that the equities were with the intervening petitioner and that the bill filed by the appellee Phillips for foreclosure of his mortgage was without equity and should be dismissed. This finding was correct, for the reason that the trust deed which Phillips sought to foreclose had been executed in violation of the condition of the lease, to the prejudice of the rights of the lessor. The attempt to cause the rents and issues of the leased premises to be devoted, through the medium of the receiver, to the payment of the indebtedness which the unauthorized deed of trust had been given to secure, was unjust and inequitable as against the lessor, Sorg. Sorg was entitled to a decree canceling the trust deed; declaring that he was entitled to have the amounts which the receiver had in his hands, paid to him in discharge *pro tanto* of the unpaid installments of rent; that the receiver should be discharged and the bill for foreclosure dismissed at the cost of appellee Phillips.

Phillips, with the consent and perhaps the connivance of Gunning, having brought the premises into the control and subject to the disposition of the court of equity, they made an offer in open court for the purpose of setting aside the forfeiture that had been declared. The court entertained the offer, and by the first decree ordered that upon the performance of the same the lease should be adjudged to be and remain in full force and effect, but upon a failure to comply with the conditions therein specified within the time limited the lease should be declared to be ended and determined, and Sorg should be let into the possession of the premises and the receiver should surrender possession to him. Phillips and Gunning failed to comply with the conditions offered them by that decree, and by the supplemental decree the trust deed and lease were declared null and void, and it was ordered that the receiver, or any of the parties to the cause in possession of the premises, should deliver possession to Sorg. It is urged that the latter decree was wrong, for the reason that a court of equity will not enforce a forfeiture. It is familiar doctrine that a court of equity will not actively interfere to enforce a forfeiture. (1 Pomeroy's Eq. Jur. sec. 459.) But it is equally well settled that when a court of equity has acquired jurisdiction over a cause for any purpose it may go on to a complete adjudication, and may establish purely legal rights and grant legal remedies which would otherwise be beyond the scope of its authority. In such a case it will not remit a party to his remedy at law, but will decide all issues and make a decree granting full relief to all the parties. (Ibid. 181, 236.) In suits in equity where the right of possession of real property is involved, it is not only proper, but the duty of the court, on the completion of the suit, to put the successful claimant in possession of the premises. (*Harding* v. *LeMoyne,* 114 Ill. 65.) Although a bill in equity cannot be maintained merely for the enforcement of a legal right, if the controversy contains any equitable feature which authorizes a court of equity to take cogni-

zance, that court will retain jurisdiction for all purposes and will establish merely legal rights and grant legal remedies. (*Stickney* v. *Goudy*, 132 Ill. 213.) In *Link Belt Machinery Co.* v. *Hughes*, 195 Ill. 413, it was said that a court of equity having by its receiver taken possession of appellee's · property in that case, and having, by its orders taken his rights under its protection, was bound to protect him without driving him to a suit at law to enforce such rights. That rule applies here. Phillips, the complainant in the original bill, invoked the jurisdiction of a court of equity for the foreclosure of the trust deed and prayed for the appointment of a receiver to take possession of the premises. Gunning entered his appearance and expressly consented to the appointment of the receiver. The receiver was appointed and the property was thereby brought under the control of the court to be disposed of according to the rights of the parties, and the court, having acquired jurisdiction, might then adjudge the rights of all parties to the suit although it involved the granting of legal remedies. (17 Ency. of Pl. & Pr. sec. 766.) The receiver did not hold the property for Phillips or for Gunning or for any other person, but for the one who in the end should show himself entitled to it. The property having legally come into the possession of the receiver, it could not be interfered with by any person claiming an interest in it without leave of the court, but Sorg could either ask the court for leave to assert his title to the property in the possession of the receiver by a suit at law or to have it determined in the receivership. The court, in its discretion, could either try the case itself and determine his right to the property or permit the question to be tried in a court of law. (17 Ency. of Pl. & Pr. 775-792.) The court determined to try the question itself and came to a correct conclusion as to the rights of the parties. The lease had been forfeited, and Sorg was entitled to possession of the property when possession was taken by the court through its receiver. When the receivership came to an end it was within the power and

214—40

duty of the court to determine to whom the possession should be surrendered by the receiver, and having ascertained that Sorg was entitled to it, it would not be in accordance with equity to order it returned to one of the parties who had no right, legal or equitable, to it.

We do not think the court was prevented from awarding Sorg his legal rights by the fact that there had been a forfeiture of the lease. On the contrary, this court has approved a decree granting relief in a case not distinguishable, in principle, from this. In the case of *City of Belleville* v. *Citizens' Horse Railway Co.* 152 Ill. 171, the city of Belleville had, by ordinance, granted to the railway company the privilege of laying its tracks and operating the same along certain streets in said city, and the ordinance granting the privilege provided for a forfeiture of the rights of the company on a failure to operate the road in a certain way and to a certain extent. The company failed to comply with the conditions, and an ordinance was passed declaring a forfeiture and revoking the rights and privileges of the company. A receiver being in possession of the tracks of the street railway company, an intervening petition was filed in the suit, averring that the company had not complied with the conditions upon which the right to occupy the streets was granted and that an ordinance had been passed which declared a forfeiture, and asking leave to remove the tracks, turn-outs, switches, etc., from the streets. The court ordered the company to take up the tracks within sixty days, and on a failure authorized and empowered the city to remove them. The Appellate Court reversed the decree and ordered the intervening petition stricken from the files. This court reversed the judgment of the Appellate Court and affirmed the decree of the circuit court, holding that the circuit court merely found the facts, and granted the relief that the city was justly and equitably entitled to receive. It was held that, inasmuch as the property was under the jurisdiction and in the care and custody of a court of chancery, the petition was entirely proper and

absolutely necessary. It was also said that the court did not assume to decree a forfeiture of the license from or contract with the city; that the license to occupy the streets had been abrogated by the act of the company in failing to comply with the conditions, and the petition merely stated the facts in regard to the ordinance granting the right, the default of the company with respect to the conditions and the passage of the repealing ordinance. If this decree is the enforcement of a forfeiture that one also was. This case also has the added feature that the receivership had come to an end and the property was to be disposed of and the possession surrendered by the receiver to the party who had shown a right to it.

It is true that if a bill had been filed by Phillips and Gunning to relieve against the forfeiture of the lease and relief had been granted upon compliance with equitable terms, and there was nothing else in the case, it would have been proper to decree that upon non-compliance with the terms they should take nothing by the decree and the bill should stand dismissed at their cost. That is not the case here, but the court had taken possession of the property by its receiver and Sorg had been compelled to come into the court to assert his right. The lease had been forfeited and the possessory action of forcible detainer had been begun. While Sorg might have prosecuted that action to judgment he could have had no benefit of the judgment, since he could not interfere with the possession of the receiver. When he set up his right to possession, the fact that Gunning and Phillips made an offer which they did not perform could not affect his right to relief, nor compel the court to restore the property to them and leave Sorg to enforce his rights in another action.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*