ST. LOUIS, ALTON AND SPRINGFIELD RAILROAD CO. *et al.*

*v.*

CHARLES W. HAMILTON.

*Filed at Springfield October 14, 1895.*

1. PLEADING—*leave of court to sue for possession of land held by a receiver must be averred.* A declaration seeking to obtain possession of land held by a receiver must aver that plaintiff obtained leave to sue of the court in which the receiver was appointed.

2. EJECTMENT—*when plaintiff in, must prove defendant's possession.* Plaintiff in ejectment must prove possession of the defendant, where an issue in that respect has been made.

APPEAL from the Circuit Court of Jersey county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

This was an action of ejectment, brought by Amanda L. Hamilton, against the St. Louis, Alton and Springfield Railroad Company and Joseph Dickson, receiver of the railroad company, to recover a strip of land fifty feet wide running across the fractional west half of the northwest quarter of section 14,township 6, range 12, in Jersey county, Illinois, being the right of way of the defendant the St. Louis, Alton and Springfield Railroad Company.

The defendant Joseph Dickson, receiver, filed a general and special demurrer to the declaration, alleging as special causes of demurrer, first, that there is no allegation in the said declaration that the plaintiff, prior to the commencement of the suit, obtained leave of the court which appointed said Dickson receiver of the St. Louis, Alton and Springfield Railroad Company, to institute this suit in this court; and second, that the parties defendant are improperly joined in this suit. The court overruled this demurrer, and the receiver abided by his demurrer and did not answer further, and upon the final hearing a default and judgment were entered against him.

The defendant the St. Louis, Alton and Springfield Railroad Company pleaded, first, not guilty; and second, that it was not in possession of the land described in the declaration, and that no demand had been made upon it for possession thereof prior to the commencement of this suit, and this plea was verified by affidavit. To this plea the plaintiff filed a replication, traversing both of the allegations of the plea as to possession at the time of commencement of suit and of demand prior to the commencement of suit, concluding to the country.

By agreement a trial was had before the court, resulting in a judgment against both defendants, to reverse which they appealed. Amanda L. Hamilton died, and Chas. W. Hamilton, her heir, was substituted as plaintiff.

O. B. HAMILTON, and O. D. LEACH, for appellants.

LEVI DAVIS, Jr., for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

The first question presented by the record is whether the court erred in overruling the demurrer of Joseph Dickson, receiver, to the declaration. It will be observed that Dickson was sued, not as an individual, but as a receiver. It was thus impliedly admitted in the declaration that he had been appointed receiver of the St. Louis, Alton and Springfield Railroad Company by some court of competent jurisdiction, and having been thus appointed he was an officer of the court, and his possession of the land sought to be recovered was the possession of the court. The law is well settled that where a receiver has been appointed by a court of competent jurisdiction, and has taken possession of property in his capacity as receiver, he has the right to hold such property and dispose of it under the direction of the court, and any unauthorized interference therewith, by taking possession of the property or instituting legal proceedings to obtain possession, without the sanction of the court appointing such receiver, is a direct contempt of court, and punishable as such. (*Richards* v. *People*, 81 Ill. 551.) Here the property was in the possession of Dickson as receiver, and if the plaintiff desired to contest his right to hold the possession of the property, the law required her to go to the court who appointed the receiver and obtain permission to bring an action for that purpose. (Beach on Receivers, secs. 655, 726; High on Receivers, secs. 254, 395*a*, 139.) In the last section this author says: "Thus the court will not permit a claimant of real estate which is in possession of its receiver to bring an action of ejectment without first obtaining leave for that purpose. And ordinarily, when real estate is in the actual possession of a receiver, an action of ejectment will not be maintained against him in another court, but the claimant will be permitted to pursue his remedy against the receiver in the action in which he was appointed." In sec-

tion 254 the author says: "And it is necessary to aver in the declaration against a receiver that leave of court has been granted to bring the action, and the absence of such averment is fatal on demurrer." See, also, *Keen* v. *Breckinridge*, 96 Ind. 69.

The right to bring an action against a receiver without first obtaining leave arose in *Mulcahey* v. *Strauss*, 151 Ill. 70, and after a review of the authorities it was held, that while it was a contempt of court to bring suit against a receiver without leave of court, and while the appointing court may protect its officer by attachment or by injunction staying the suit, the failure to obtain such leave is no bar to the jurisdiction of the court in which the suit is brought in all cases where there is no attempt to interfere with the actual possession of the property held by the receiver. Here the action was brought for the purpose of obtaining the possession of the property held by the receiver, and under the rule announced we think the plaintiff should have averred in her declaration that she had obtained leave of the court in which the receiver was appointed, to bring the action, and the court erred in overruling the demurrer to the declaration.

There is another ground upon which the judgment must be reversed. As has been seen, the defendant railroad company, by the second plea, presented an issue as to its possession of the land when the action was brought. Under this issue it devolved on plaintiff to prove that the defendant company was in the possession of the premises. But no evidence whatever was introduced to establish that fact, and as plaintiff was not entitled to judgment against the defendant company unless it was in possession, the court erred in rendering judgment against the defendant the St. Louis, Alton and Springfield Railroad Company.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*