## Robert J. Gunning v. Paul J. Sorg et al.

### Gen. No. 10,408.

1. EQUITY—*when, has no jurisdiction of proceeding for the recovery of land.* A court of equity has no jurisdiction of a petition which in effect merely seeks to recover possession of demised premises after a declaration of forfeiture by the lessor.

2. BILL TO REMOVE CLOUD—*what essential to maintain.* Possession by the complainant is essential to the maintenance of a bill to remove a cloud.

3. RECEIVER'S POSSESSION—*effect of interference with.* Where a receiver is in possession, such possession is deemed the possession of the court appointing such receiver, and any attempt to interfere therewith constitutes a contempt of court.

4. RECEIVER—*remedy where possession of real estate is in.* Where a person claims the right to the possession of real estate which is held by a receiver it rests in the discretion of the appointing court to allow such claimant to bring an independent action against such receiver or to

compel him to proceed against such receiver in the action in which he was appointed.

5. ISSUES AT LAW—*how, tried in chancery court.* Where issues at law arise in a chancery cause the court may try them itself or refer them to a master or to a jury for determination.

6. FORECLOSURE PROCEEDING—*what issues cannot be tried in.* A court of equity has no jurisdiction in a foreclosure proceeding to try any question of title adverse to that of the mortgagor except (as in this case) where a receiver has been appointed in such proceeding and is in possession of the property and holds the same as against the claims of one who intervenes in the cause by leave of court.

7. FORECLOSURE PROCEEDING—*when, properly dismissed.* Where the lessor under a ninety-nine-year lease sought to be foreclosed intervenes in such foreclosure proceeding and annuls the lease, it is proper to dismiss the bill to foreclose, and it would be improper and extra-jurisdictional to enter a money decree in favor of the complainant mortgagee and against the defendant mortgagor.

8. LEASE—*when, may be terminated without notice.* Where a lease provides that in case of default in the payment of rent the lessor may " at his own election declare this lease at an end, the term hereby agreed fully determined and to re-enter," etc., such lessor may, after demanding the due and unpaid rent, without reference to statute, and without notice, declare and enforce the termination of the lease.

9. LEASE—*who need not sign notice to terminate.* Where a ninety-nine-year lease is sought to be terminated, under the statute, for the default of the lessee, it is not necessary that the wife of the lessor, who has executed the lease merely to release her dower, should join in the notice.

10. DECREE—*when, not final.* A decree which merely gives to parties an opportunity to carry out offers made by them in open court, is not a final, but an interlocutory order.

Foreclosure proceeding with intervening petition upon which relief was granted. Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed March 18, 1904.

**Statement by the Court.** This writ of error brings up for review a decree granting the relief prayed in an intervening petition filed by Paul J. Sorg, in a suit to foreclose a trust deed upon a leasehold interest. The decree refused the foreclosure.

On February 28, 1890, the defendant in error, Paul J. Sorg, his wife, S. Jennie Sorg, joining therein, executed a ninety-nine-year lease of the northwest quarter of lot 10

in block 83 in the School Section Addition to Chicago, also
known as premises No. 178 Quincy street in Chicago, to
William J. Gunning at an annual rental of $1,800, payable
in quarterly installments of $450 each on the first day of
each quarter during the lifetime of the lease.   Ten days
later the lease was assigned by the lessee to plaintiff in
error, Paul J. Sorg consenting thereto, "subject to all con-
ditions, covenants and agreements therein contained and
which said Robert J. Gunning hereby assumes to perform;
but his consent shall not be construed as a waiver of the
necessity of the consent of the lessor to any future transfer
of this lease." It was covenanted in the lease that the
lessee would not assign or transfer the demised premises
without first obtaining the written consent of the lessor.

On July 28, 1895, plaintiff in error (without Mr. Sorg's
knowledge) gave a trust deed on the leasehold estate, and
conveyed the same to the defendant in error Leo F. Phil-
lips, to secure the payment of plaintiff in error's note for
$5,000, payable to said Phillips in two years from said date.
Both the lease and the trust deed were duly recorded.   On
February 20, 1897, plaintiff in error subleased the premises
to the defendant in error, Philip Malkan, for a term of five
years beginning May 1, 1897, at a rental of $225 per month
for the first two years and $250 per month for the other
three, and immediately transferred this lease to said Phil-
lips for the purpose of further securing the payment of said
note, giving Phillips full power to collect all rent accruing
from Malkan.   After the execution of the sublease to Mal-
kan plaintiff in error ceased to pay rent to Mr. Sorg, and
on January 8, 1898, the latter brought his action of forci-
ble entry and detainer for the possession of the premises
against plaintiff in error and Malkan, claiming that his·
lease to Gunning had been forfeited for non-payment of
rent and by reason of the execution of the trust deed to
Phillips.   While this action was pending and undetermined,
Phillips filed his bill to foreclose said trust deed against
plaintiff in error, alleging default in the payment of his
note.   On the same day the bill was filed, January 24, 1898,

plaintiff in error appeared in court and consented to the appointment of a receiver of the demised and mortgaged premises. Accordingly, such receiver was forthwith appointed and took possession of the premises. Thereupon Sorg, leave of court having been given, filed his intervening petition in the foreclosure suit, alleging that he is the owner in fee of the premises, setting up his lease to William J. Gunning, the assignment thereof to plaintiff in error, and the execution of the trust deed by the latter to Phillips without petitioner's consent; that plaintiff in error is insolvent and has paid no rent to petitioner since February 28, 1897, and the same is now due and owing; "that Dec. 22, 1897, petitioner served written notices on said Robert J. Gunning, Leo F. Phillips and one Philip Malkan, who is in possession of said demised premises under a lease from said Gunning, that petitioner had elected to declare the term provided for in and by said lease at an end by reason of the non-payment of three several quarterly installments of rent falling due prior to Nov. 30, 1897, and because of the transfer and assignment of said leasehold interest by said trust deed to said Phillips, and that petitioner on Dec. 27, 1897, served a further and other notice by causing the same to be delivered to a person in possession of said premises as required by the statutes of the State of Illinois, notifying said Gunning that petitioner demanded the possession of said premises within ten days by reason of" said non-payment of rent and execution of said trust deed. Copies of the lease to Gunning and of the last mentioned notice are attached to the petition as exhibits. The petition alleges further that Gunning and those in possession under him refuse to deliver possession to petitioner; that he has brought forcible detainer proceedings against Gunning and Malkan, which are still pending; that petitioner charges that "for the purpose of defeating any judgment which might be obtained in said detainer suit, the complainant, Leo F. Phillips, conspired with said Gunning to have the bill of complaint herein filed, and caused the appearance of said Gunning to be filed immediately,' and

procured with his consent the appointment of a receiver, who is now in possession; that the lease to William J. Gunning and the trust deed to Phillips are clouds on the title of petitioner and should be set aside and declared null and void. The petition makes plaintiff in error, Phillips and Malkan, defendants and prays that said lease and deed be declared null and void as against petitioner; that he may be decreed entitled to the possession of the premises; that the receiver and said defendants be ordered to deliver possession thereof to petitioner, and for other relief.

Simultaneously with the giving of leave to file the petition, Phillips, the complainant in the foreclosure bill, obtained leave to amend same by making petitioner and Malkan defendants thereto, which was done, and they answered the bill. To the petition Phillips filed an answer, admitting petitioner to be the owner of the premises, the making of the lease to William J. Gunning and his assigning the same to Robert J. Gunning; the making of the trust deed to him, Phillips, to secure Robert J. Gunning's note for $5,000; admits that Malkan is in possession as tenant of R. J. Gunning, and that aside from the receiver, Gunning is in control of the premises under the lease from petitioner; denies the making of any demand for rent and sets up that petitioner had knowledge of the trust deed since August, 1895. Plaintiff in error's answer to the petition makes substantially the same admissions as Phillips' and admits further that some of the rent due has not been paid and that a written notice was served on him of petitioner's election to terminate the lease as alleged in the petition; denies any notification of service of notice on December 27, 1897, or conspiracy with Phillips for the appointment of a receiver, and alleges that petitioner knew of the intention to make the trust deed to Phillips before same was made and acquiesced therein.

On July 13, 1898, a decree was entered which after reciting that the cause was heard on the bill of complaint, answers and replications, upon the intervening petition, answers and replications, and upon evidence and proofs heard in open court, finds that the complainant is not entitled

Gunning v. Sorg.

to any relief as against the defendant Sorg, that the material allegations of said petition are true and that the equities of the case are with the petitioner. The decree then, after reciting an offer in open court by Phillips to cancel the trust deed and the assignment by Malkan of the sublease and to return the same to R. J. Gunning, and not to acquire or attempt to acquire any interest in the premises, and an offer by Gunning to pay all rents due petitioner, all taxes existing against the premises, all costs and expenses incurred by the petitioner in and about the enforcement of said lease, to furnish him with an insurance policy as required by its terms, upon condition that if such offers be not accepted they shall not be construed as a waiver of any right except to appeal from any decree which might be entered, orders that upon the immediate carrying out of said offers the request and demand of petitioner for the possession of the premises is denied and said lease is declared to be in full force, and that if such offers be not carried out within seven days from the entry of the decree, said lease from petitioner to William J. Gunning and assigned to Robert J. Gunning is declared to be ended and determined, and said trust deed and lease are set aside and declared null and void as against petitioner, as a cloud on his title, and the receiver shall surrender to him possession of said premises. Ten days later, at a subsequent term of court, an order was entered by which the court found upon proofs heard that neither of the said offers had been in any way carried out or performed, and therefore ordered, decreed and adjudged that the lease and trust deed be set aside and annulled and possession given to petitioner as provided in the decree of July 13.

Pending the writ of error, the death of Paul J. Sorg was suggested of record and his heirs substituted as defendants in error.

Defendant in error Phillips assigns cross-errors which are the same as those assigned by plaintiff in error except that in addition he complains of the refusal by the court to grant relief upon his bill of foreclosure.

STORY, RUSSELL & STORY, for plaintiff in error.

H. H. C. MILLER, W. S. OPPENHEIM, S. S. SILVERSPARRE and ROBERT C. BENNETT, for defendants in error.

MR. JUSTICE STEIN delivered the opinion of the court.

First. It is assigned for error by both Gunning and Phillips that the court sitting in equity was without jurisdiction in entertaining the intervening petition of Sorg and in granting relief thereon; and it is pointed out that the petition was in reality a proceeding for the recovery of possession of the demised premises and of purely legal cognizance. This is true, and it is also true that the relief prayed for and granted in respect of setting aside the ninety-nine-year lease and the trust deed to Phillips as a cloud upon Sorg's title, does not change or affect the character of the petition. Sorg was not in possession. The premises were occupied by other parties, and therefore no bill by him to remove a cloud upon his title could be entertained. Revised Statutes, sec. 50 of ch. 22; Hardin v. Jones, 86 Ill. 313; Gould v. Sternberg, 105 Ill. 486; Gage v. Griffin, 103 Ill. 41. It appears, however, that after Sorg had brought his action of forcible detainer and while the same was pending, Phillips, upon filing a bill to foreclose the trust deed given him by Gunning, procured the immediate appointment of a receiver who took possession of the premises, Gunning consenting thereto. There was so far as appears no necessity whatever for a receiver. Phillips was in the virtual possession or enjoyment at least of the premises before and at the time he filed the bill. He was in receipt of the rent from Malkan, the actual occupant, who was in under a sub-lease from Gunning which had been assigned by the latter to Phillips as further security for the payment of Gunning's note. The purpose of the parties in obtaining a receiver seems to have been to frustrate Sorg's efforts to recover possession by means of his forcible detainer suit. Had he prosecuted the same to judgment, it would have done him no good. Through its receiver the court was in possession, and any attempt to

interfere therewith would have constituted a contempt of
court.    Richards v. The People, 81 Ill. 551; St. L. A. & S.
R. R. Co. v. Hamilton, 158 Ill. 366; Andrews v. Stanton,
18 Brad. 163.    Under such circumstances there was only
one way for Sorg to assert his rights, and that was by
applying to the court which had appointed the receiver for
leave to make him a party to the detainer suit or to pursue
his remedy against the receiver in the action in which he
was appointed, whether that remedy was of a legal or
equitable nature.    In either event the court had ample
power to grant it to him.    It would truly be an edifying
spectacle if a court organized to administer and enforce the
law were itself to violate it by permitting its receiver to be
and remain where he has no right to be and refusing all
redress to the aggrieved party.    The law does not so
stultify itself.    It rests in the discretion of the court to
allow a party claiming rights against its receiver to bring
an independent action against him or to compel such party
to proceed against him by petition in the action in which
he is receiver.    The latter is the more common practice.
Where the issues are at law the court may in its discretion
try them itself or may refer them to a master or a jury for
determination.    Beach on Receivers, sec. 654; High on Re-
ceivers, 3rd ed., secs. 139 and 254 b, and cases cited by
these authors which fully support the text; Andrews v.
Stanton, *supra;* St. L., A. & S. R. R. Co. v. Hamilton, *supra.*
In the case last cited our Supreme Court quote with ap-
proval this passage from Mr. High's work : " And ordi-
narily when real estate is in the actual possession of a re-
ceiver, an action of ejectment will not be maintained against
him in another court, but the claimant will be permitted to
pursue his remedy against the receiver in the action in
which he was appointed."    The foregoing views dispose of
the objections (which otherwise would have been good and
valid) that legal rights are not within the jurisdiction of a
court of equity when no equitable relief is given; that a
court of equity has no jurisdiction in a foreclosure suit to try
any question of title adverse to the title of the mortgagor,

or that equity has no jurisdiction where there is a complete remedy at law.

Second.    It is contended that no proper notice was given to terminate the ninety-nine-year lease.    The petition alleges one given December 22, 1897, and another December 27, 1897.    That the first one is not in compliance with the statute, is clear; but from this its invalidity does not follow.    As stated in the petition and as appears from the copy of the lease attached thereto, the lease provides that in case of a default in the payment of rent, or "in carrying out any of the covenants and agreements required to be kept, done or performed by " the lessee, the lessor might "at his election declare this lease at an end, the term thereby agreed fully determined, and to re-enter," etc.    Rent was in arrears for several quarters.    Petitioner had a right under the terms of the lease and without reference to the statute to declare the lease terminated after demanding the rent, and it is evident that he attempted to do so by the notice first given.    The second notice is in full compliance with all statutory requirements and was properly served "by causing the same to be delivered to a person in possession of said premises as required by the statutes of the State of Illinois."    The truth of this allegation was found by the decree.

In this connection it may be mentioned that though there is no certificate of evidence in the record and the facts are not found by the decree except in a general way, no error has been assigned on that ground, and neither in the briefs nor upon the oral argument was any error claimed to exist in that regard.

Third.    The grantors in the lease were petitioner and S. Jennie Sorg, his wife.    She did not sign the notices and was not made a party to the petition.    It was not necessary that she should.    The petition alleges that Paul J. Sorg, the petitioner, was the owner in fee of the premises, and both plaintiff in error and Phillips, who assigns cross-errors, admit this to be true in their answers.    Manifestly Mrs. Sorg signed and was a party to the ninety-nine-year lease only

Gunning v. Sorg.

to release her dower.  In the lease itself it is covenanted that "at the time of leasing said premises *he*" (meaning Mr. Sorg) "is well seized of said demised premises and has good right, full power and lawful authority to lease, demise and let the said premises in manner and form aforesaid, and the above demised premises in the quiet and peaceful possession of said party of the second part, during the term hereby granted, he shall and will warrant and defend."

Fourth.  The decree of July 13, 1898, was plainly interlocutory, and not final as contended by counsel.  It afforded plaintiff in error and Phillips an opportunity to carry out their offers made in open court for seven days thereafter and thereby remain in possession to the exclusion of the petitioner.  Failing to do so, a final decree was entered at the following term of court by which their rights were declared at an end and possession given to petitioner.

Fifth.  Counsel are at fault in saying that the court erred in entering the decrees without first taking the default of Gunning.  The decree of July 13, 1898, recites that both the bill and petition were heard upon Gunning's answer to each.

Sixth.  The action of the court in denying relief to Phillips upon his bill to foreclose was proper for the reason that after the leasehold interest upon which the trust deed was executed had been decreed out of existence and at an end there was nothing left to foreclose and nothing left for a foreclosure decree to operate upon.  With the foreclosure element out of the case, there was no occasion for a money decree finding the amount due Phillips, and such action by the court would really have been a common law judgment which in the chancery proceeding it had no jurisdiction to enter.

The decree of the Circuit Court is affirmed.

*Affirmed.*