## The People of the State of Illinois ex rel. James J. Brady, Auditor, v. La Salle Street Trust & Savings Bank et al.

## William C. Niblack, Receiver, Appellee, v. John A. Cervenka, Respondent, Appellant.

### Gen. No. 21,729.

1. BANKS AND BANKING, § 23*—*how provision for distribution of proceeds of stockholders' liability construed.* That portion of section 11 of the Banking Act (J. & A. ¶ 683) providing that the amounts collected by the receiver of an insolvent banking corporation from the stockholders thereof shall be disbursed in the same manner in which its assets are distributed, is not necessarily an attempt to limit the rights of creditors as against stockholders since, while both assets

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. La Salle St. Trust & Sav. Bank, et al., 195 Ill. App. 336.

and amounts collected from stockholders are to be distributed among creditors as their interests may appear, it does not follow that such distribution shall be necessarily pro rata.

2. STATUTES, § 38*—*what effect of partial invalidity.* Even though that part of section 11 of the Banking Act (J. & A. ¶ 683) which provides for the distribution to creditors of the amounts collected by the receiver of an insolvent banking corporation from the stockholders thereof be unconstitutional as an attempt to limit the rights of such creditors as against such stockholders to a pro rata portion of the amounts collected from such stockholders, yet the balance of such section is not thereby rendered invalid, as it is complete and can be given full force and effect.

3. BANKS AND BANKING, § 23*—*when order to receiver to enforce stockholders' liability proper.* On a bill by the receiver of an insolvent banking corporation, filed under section 11 of the Banking Act (J. & A. ¶ 683), for the purpose of securing a dissolution of the corporation, a decree entered after a hearing directing such receiver, among other things, to enforce the liability of stockholders to the corporation, if there be any such liability, is not erroneous, as such section provides that in such case such receiver shall "enforce the liability of stockholders to creditors as provided in section 6 (J. & A. ¶ 678) of this Act," which section is identical in its terms with section 6 of article XI of the Constitution of 1870.

4. BANKS AND BANKING, § 28*—*when creditor restrained from enforcing stockholders' liability.* A petition by the receiver of an insolvent banking corporation to restrain a creditor from prosecuting actions to obtain an unjust and inequitable advantage over other creditors is not prematurely brought, where it appears that at the time the bill was filed there was a necessity of enforcing the liabilities of such stockholders on behalf of all the creditors, and where it further appears that it will be impracticable for such receiver to enforce such liability prior to the time when such creditor, unless restrained, will be able to prosecute such suits to judgment and to obtain satisfaction thereof.

5. INJUNCTION, § 332*—*when bond not essential.* Where a court which has assumed jurisdiction of the entire matter of the affairs of an insolvent banking corporation restrains a creditor from receiving an undue advantage over other creditors, no bond is necessary.

6. ESTOPPEL, § 71*—*when creditor cannot maintain suit on stockholders' liability.* Where a receiver of an insolvent banking corporation has been duly appointed and a creditor has filed his claim with such receiver, and indicated a willingness to submit all matters connected with his claim to the court, he is precluded from taking any steps which will interfere with the power of the court to adjudicate

---

*See **Illinois Notes Digest**, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such claim, for the reason that a creditor cannot claim the benefit of a portion of a decree and at the same time adopt a course calculated to deprive other persons similarly situated of another portion of its benefits.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed November 15, 1915.

VINCENT D. WYMAN, CHARLES E. CARPENTER and OTTO W. JURGENS, for appellant.

H. T. GILBERT, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this appeal John A. Cervenka, appellant, seeks to have reversed an order enjoining him, until the further order of the court, from prosecuting suits against stockholders of the La Salle Street Trust & Savings Bank based on stockholders' liability.

The record in the case shows that a bill was filed in conformity with section 11 of the Banking Act (J. & A. ¶ 683) by the People of the State of Illinois on the relation of James J. Brady, Auditor, against the La Salle Street Trust & Savings Bank and its stockholders, for the purpose of securing a dissolution of the corporation, a winding up of its affairs, and a distribution of its assets among its creditors, or creditors and stockholders, and, if necessary, the enforcement of the liability of its stockholders to its creditors. Upon the filing of that bill the court appointed William C. Niblack, appellee herein, as receiver of said bank. Subsequently a hearing was had and a decree entered dissolving the corporation, providing for the conversion of its assets into money, publication of notice to creditors to present their claims, and for such other proceedings as the court might find necessary for the administration of the assets of the corporation and a complete winding up of its affairs, including the enforcement of the liabilities, if any, of stockholders to the creditors.

After the entry of this decree appellant filed with the receiver his claim against the bank for $17,742.98. Prior to the entry of the decree of dissolution, appellant commenced his suit as a creditor of the bank against John F. Jelke, a stockholder at the time the bank suspended business, to enforce the latter's stockholder's liability; and after the entry of the decree of dissolution and after he had filed his claim with the receiver, appellant commenced actions against Edward Shearson *et al.*, John Burnham & Company and Frederick M. Zeiler *et al.*, to enforce their respective liabilities as stockholders on account of stock previously held by them but disposed of prior to the suspension of the bank and the appointment of the receiver.

The record shows that the assets of the bank are insufficient to the extent of over $1,500,000 to satisfy its liabilities to its creditors. It also shows that the receiver will, as soon as practicable, apply to the court to ascertain that the assets of the Trust & Savings Bank are insufficient to discharge its entire liability to its creditors and to determine the amount of the deficiency, and thereupon to direct the receiver to proceed to enforce the liabilities of the stockholders of the bank to its creditors, but that it will be impracticable for him to procure such order prior to the time when appellant will be able to prosecute his suits to judgments. It is represented that if appellant is permitted to prosecute his suits to judgments and to obtain satisfaction thereof he will thereby secure an unjust and inequitable advantage over the other creditors of the bank in the satisfaction of their claims against it.

Upon the above showing being made, the court entered its restraining order against appellant.

It is said that so much of section 11 of the Banking Act (J. & A. ¶ 683) as authorizes a receiver appointed thereunder to proceed to collect stockholders' liability is unconstitutional.

340    APPELLATE COURTS OF ILLINOIS.

The People v. La Salle St. Trust & Sav. Bank, et al., 195 Ill. App. 336.

Section 6, art. XI, of the Constitution of 1870 is as follows:

"Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

The Banking Act in force June 16, 1887, sec. 6, sought to make each stockholder liable only for his ratable share and no more, but in *Dupee v. Swigert,* 127 Ill. 494, it was held that such legislation was in conflict with the above section of the Constitution which, as stated in the opinion, made every stockholder liable for the debts of the bank to an amount equal to twice the amount of the stock held by him, leaving the question of contribution to be settled among the stockholders themselves.

Section 11 of chapter 16a of the present Banking Act (J. & A. ¶ 683) contains the following provision:

"When it shall be ascertained, in the course of the administration of the estate of a bank in the hands of a receiver that the assets of the bank are insufficient to discharge the entire liability of such bank to its creditors, and when the amount of such deficiency is determined, the court may, in its discretion, direct the receiver to proceed to enforce the liability of the stockholders to creditors provided in section 6 of this Act; and when so directed, such receiver shall have the power, and it shall be his duty, to take such action, by suit or otherwise, as the court may direct, to enforce such liability for the benefit of the creditors and to disburse to creditors the amounts collected thereon, in the same manner as disbursements are made to creditors of the assets of the bank."

It is argued that as the Act of 1887 attempted to limit the liability of stockholders to a pro rata share of the bank's debts, so this section 11—and especially the provision that such disbursements are to be made in the same manner as the assets—undertakes to limit

the right of creditors as against stockholders to a pro rata share of the claims against the stockholders. It is a sufficient answer to say that it does not follow that under the provision for disbursements to creditors the amounts collected from stockholders shall be distributed pro rata among creditors. Both the assets of the bank and amounts collected from stockholders will be distributed among the creditors as their interests may appear. Furthermore, even should the clause of this act concerning distribution of amounts collected from stockholders be unconstitutional, the entire section would not be invalid as the remaining part is complete and can be given full force and effect.

It is to be noted that section 11 provides that the receiver shall proceed "to enforce the liability of the stockholders to creditors provided in section 6 of this Act," and section 6 (J. & A. ¶ 678) referred to is identical in its terms with section 6, art. XI of this Constitution; so that the order to the receiver in this case to proceed against stockholders is in complete accord with the constitutional provision.

The petition for an injunction was not premature. The receiver's petition avers that the assets are insufficient to satisfy the liabilities by over $1,500,000, which is $500,000 in excess of the par value of the bank's entire capital stock. This allegation, for the purposes of this appeal, must be taken as true, and, therefore, the necessity of enforcing the liabilities of stockholders is established.

There is no merit in the point that the receiver has not been duly diligent.

No bond is necessary when a court having assumed jurisdiction of the entire matter restrains a creditor from receiving an undue advantage over other creditors.

There is much force in the point made by appellee that when appellant filed his claim with the receiver he indicated his willingness to submit the entire matter

of the administration of the bank's assets and the winding up of its affairs, including the enforcement of stockholders' liability, to the court, and, therefore, he is precluded from taking any steps which would interfere with the exercise by the court of its power to do anything necessary to accomplish this purpose. He cannot claim the benefits of a portion of the decree while at the same time adopting a course calculated to deprive other persons similarly situated of another portion of its benefits. The interlocutory order is affirmed.

*Affirmed.*