H. H. Evans et al., v. Illinois Surety Company. Terence McKegney, Claimant, Appellant, v. James S. Hopkins, Receiver, Appellee.

### Gen. No. 28,512.

1. Corporations—*appointment of domestic receiver as devesting foreign court of previously acquired jurisdiction.* Where jurisdiction had been acquired in a suit in another state before the filing of a bill by the stockholders of defendant and the appointment of a receiver in this state, the mere appointment of the receiver before final decree of distribution would not devest the foreign court of its jurisdiction.

2. Receivers—*discretionary power of court to determine manner and forum of adjudication of claims.* As a general proposition a court may, in its discretion, decide whether it will determine for itself all claims of or against a receiver appointed by it or allow them to be litigated elsewhere.

3. Foreign Judgments—*conclusiveness of foreign judgment against corporation in proceedings to prove claim against receiver.* Where a receiver appointed in this state for a corporation was permitted by the court appointing him to participate in litigation against the corporation in another state until after the issues had been clarified by two appeals, when it decided it would no longer permit the receiver to litigate in that forum but did not enjoin the claimant from prosecuting his suit there and permitted the proceedings there to ripen into a final judgment, the foreign judgment is entitled to full faith and credit and the judgment roll in that case was evidence from which the court in this state was bound to find that the amount of such judgment, with interest, was due to claimant though it would not necessarily follow that the claimant would be allowed to participate to the full amount of the judgment in the distribution of the assets.

4. Foreign Judgments—*conclusiveness of foreign judgment*

*against domestic corporation as to claim against receiver.* Where a claimant against a corporation whose affairs were in the hands of a receiver acting under a court of this state presented as evidence of his claim a judgment of a court in another state and no equities appeared to prevent such claimant's participation in the distribution of the assets on the basis of the full amount of such judgment with interest, the order of the court denying such claim will be reversed and the cause remanded with directions to allow the claim with interest from the date of the judgment.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1923. Reversed and remanded with directions. Opinion filed June 30, 1924. Rehearing denied July 11, 1924.

BROWN, PACKARD, PECKHAM & BARNES, for appellant.

TENNEY, HARDING & SHERMAN, for appellee; HARRY A. PARKIN, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by Terence McKegney, a resident of the State of New York, from an order of the superior court sustaining exceptions to a Master's report and disallowing his claim against the Illinois Surety Company. The affairs of that corporation have been considered by the courts of this state, the courts of New York, and the Supreme Court of the United States, in a number of cases which have arisen since a receiver was appointed for the corporation by the Superior Court of Cook county, Illinois, on April 19, 1916. See *Evans v. Illinois Surety Company,* 220 Ill. App. 199, affirmed in *Evans v. Illinois Surety Company,* 298 Ill. 101; *City of New York v. Illinois Surety Company,* 180 App. Div., 513, 167 N. Y. S. 752; *Ewen v. American Fidelity Company,* 261 U. S. 322, 43 Sup. Ct. 371.

Claims against this corporation have been consid-

ered by this court in *Schroeder v. Hopkins, Receiver,* and *Rapp v. Hopkins, Receiver,* 222 Ill. App. 648. These cases were again considered by this court in 228 Ill. App. 617.

The petition of April 19, 1916, upon which the receiver was appointed, was filed by a number of the stockholders, and on the same day the corporation having given its consent thereto of record, the appointment was made. So far as the record discloses there has not been any final decree establishing the insolvency of the corporation or terminating its existence. The order appointing the receiver gave to him control of the assets of the corporation with power to collect and conserve the same and to prosecute and defend all suits, and with the usual powers of receivers in chancery.

Prior to those proceedings and on June 16, 1913, the claimant, McKegney, began an action at law in the Supreme Court of New York against the Illinois Surety Company, claiming damages by reason of the breach of a contract bond entered into by the Surety Company while it was domiciled and doing business in the State of New York.

A judgment was rendered in that case which upon appeal to the Appellate Division was reversed and the cause remanded for another trial. The Illinois Surety Company in this first trial and upon the appeal was represented by its attorneys. A second trial of the case was had lasting from November 21 to November 28, 1916, with the result that the judgment was again entered in favor of the defendant.

The plaintiff a second time appealed to the Appellate Division of the court, and this judgment also was reversed and the cause remanded.

The attorneys who conducted the case in behalf of the defendant Surety Company upon the first trial also represented it in the second trial; in the latter case, however, acting for and under the direction of

the receiver appointed by the Superior Court of Cook county.

March 1, 1917, the Superior Court of Cook county entered an order directing the creditors to present and file their claims with the receiver on or before the first day of September, 1917, and requiring the receiver to mail notice of the order to the creditors.

The claimant, McKegney, in response to notice of this order, on August 30, 1917, filed his affidavit of claim with the receiver in the sum of $22,000. He set up that the claim was in litigation in the courts in New York, and attached to the affidavit copies of the pleadings in the New York suit. The statement of claim averred that the claimant reserved the right to prosecute the suit in New York.

January 15, 1918, the receiver filed a report in which the claims were listed and classified into various schedules, this claim appearing therein as Exhibit "B." January 30, 1918, the superior court entered an order referring this claim, with others, to a Master in Chancery, and by a second order, after reciting the reference, directed as follows:

"Now, therefore, the said receiver, James S. Hopkins, is hereby directed to discontinue any expense in defense of any of such suits so pending that have been commenced against the Illinois Surety Company and against the Illinois Surety Company and him as receiver of said Illinois Surety Company in any of the Courts in any of the States in which said Company was continuing business while it was a going concern, and is not authorized to employ attorneys or pay any expense from this date in defense of any of such suits, and said receiver is hereby directed to notify all such claimants or their attorneys of this order by sending to such claimants or their attorneys through the United States mails to their last known places of business or residence a printed copy of this order."

The order further provided that claimants who should fail or neglect to file their claims with the

Master within the time limited and prosecute the same should be barred from participating in any dividends derived from the assets then in possession and control of the court through its receiver.

A copy of this order was mailed to McKegney within ten days from the date of its entry, and the receiver also notified his attorneys, directing them to notify McKegney's attorneys that no further defense would be made in the New York suit.

The cause was reached for trial in the New York court March 6, 1918, at which time counsel for the defendant notified the court and the parties interested of the order of the Illinois court, and pursuant to that order the attorneys for the defendant withdrew their appearance in the case.

The court ordered the trial to proceed, and March 9, 1918, a verdict was returned and judgment entered for the claimant and against the Surety Company in the sum of $15,464.50.

May 3, 1918, the claim came on for hearing before the Master of the Illinois court. The claimant filed an amended and supplemental affidavit of claim, in which he set forth that he had procured a judgment in New York with the knowledge of the receiver and claimed the amount of that judgment with interest at 5% from the date of its entry, and an exemplified copy of the New York judgment roll was attached to the affidavit.

Later at the hearing this roll was offered in evidence, but upon objection made was excluded for the reason that the claimant had not complied with the court's order of January 30, 1918. Thereupon, a motion of the receiver to disallow the claim was granted by the Master.

May 27, 1918, the claimant moved before the Master for leave to submit proofs on his original claim upon the merits, but upon objection made the Master ruled that the motion would only be granted upon

condition that the New York judgment should be vacated.

Counsel for the claimant refusing to vacate that judgment, his motion was over-ruled by the Master and the claim disallowed.

To the report of the Master disallowing the claim objections were filed by the claimant. These objections, after hearing, were on May 2, 1922, sustained and the Master amended his report, recommending the allowance of the claim in full. To this report the receiver filed objections which were over-ruled and which, after filing of the report in court, were ordered to stand as exceptions. Upon the hearing these exceptions were sustained and the claim disallowed. By the same order the claimant was given fifteen days within which to proceed before the Master to offer evidence as to the merits of its claim.

The claimant contends that it was error to sustain these exceptions; that the report of the Master should have been approved for the reason that the judgment roll from the New York court should have been accepted as full and complete proof of his claim.

As we understand the receiver he does not contend that the New York court was without jurisdiction. Jurisdiction had been acquired prior to the filing of the bill of the stockholders of the Illinois Surety Company in the courts of this State, and the mere appointment of a receiver before final decree of distribution would not devest that court of its jurisdiction. The receiver, however, contends that where a court of chancery has possession of the assets of a corporation, upon proceedings of this nature, that court alone has the right to determine the manner of the proof of claims and the distribution of the funds in its possession; and that if a creditor seeks a portion of those funds in satisfaction of his claim he must pursue the method reasonably required by the court, administering the assets, and that such a court may require even a judgment creditor of a for-

eign state to prove his case on the merits as a condition precedent to his right to share in the distribution of the assets of the estate.

The contrary has been held in two cases cited by the claimant, namely, *Pine Lake Iron Co. v. La Fayette Car Works,* 53 Fed. 853, and *Pringle v. Woolworth,* 90 N. Y. 502.

In the first of these cases, at the time a receiver was appointed, the claimant had a suit pending in the courts of New York. Pursuant to notice requiring that claims should be filed against the receiver, he filed the same without disclosing the suit in New York. Having afterwards obtained judgment in the New York court, the claimant obtained leave to amend his statement so as to show this judgment and put in evidence a transcript of it, claiming that it was conclusive evidence of the amount of his claim.

The Master before whom the case was pending held that it was neither conclusive nor prima facie evidence, but the United States Circuit Court by Woods, Judge, said: ''The authorities cited on the subject recognize the right of one who has commenced a suit before the appointment of a receiver of the debtor's property to prosecute the action to judgment, and that a judgment so obtained establishes, as against the receiver, the rightful amount of the demand. *Pringle v. Woolworth,* 90 N. Y. 502.''

In the last named case an action was brought against a defendant as receiver of a fire insurance company in the courts of New York, upon a judgment rendered in plaintiff's favor against the insurance company in the state of Pennsylvania.

Upon trial of the case the receiver offered to show by way of defense a breach by plaintiff of a condition in the policy. The trial court held that the judgment obtained in Pennsylvania was conclusive upon the receiver as to any defense which might have been

made in the action in which the judgment was rendered.

It was also urged by way of defense that the defendant having been appointed receiver of the insurance company before the commencement of the suit in Pennsylvania, no action could, after such appointment, be maintained against the company upon the policy. This defense also was disallowed, the plaintiff had judgment, and the receiver appealed. The Court of Appeals by Chief Justice Andrews stated:

''It was not claimed on the trial, nor is it now claimed, that the company has been dissolved, and no such inference arises upon the evidence in the case. Upon this state of facts, it is clear that the plaintiff was not debarred by the appointment of a receiver of its property and effects, from maintaining an action against the corporation on the contract of insurance. Until judgment dissolving the corporation and ending its existence, the contract could be enforced against the company as well after as before the appointment of the receiver. This was decided in the case of *Kincaid v. Dwinelle,* 59 N. Y. 548.''

As against these cases, the receiver relies on *People v. La Salle Street Trust & Savings Bank,* 195 Ill. App. 336, *Gunning v. Sorg,* 113 Ill. App. 332, affirmed in 214 Ill. 616; *Reynolds v. Stockton,* 140 U. S. 254, and *Porter v. Sabin,* 149 U. S. 473.

In the La Salle Street Bank case a stockholder (after a decree had been entered dissolving the corporation) sought to maintain a suit theretofore begun for the purpose of enforcing in his behalf and that of others a statutory stockholder's liability. The court in which the case was pending issued an injunction, from which the creditor appealed. The facts showed that the maintenance of the suit would have interfered with the administration of the estate by the receiver. The injunction order was sustained, the court saying:

''He cannot claim the benefits of a portion of the

decree while at the same time adopting a course calculated to deprive other persons similarly situated of another portion of its benefits.''

The facts of that case are clearly distinguishable from the facts appearing here.

In *Gunning v. Sorg, supra,* the appellant was prosecuting a suit at law in the same jurisdiction. Pending this suit a receiver was appointed, whereupon the plaintiff in the suit at law filed an intervening petition setting up his right to possession of the property, which petition was heard by the chancery court, which upon a trial of the issues awarded the possession to the plaintiff. The jurisdiction of the court to try this issue was questioned, but this court held on well established principles that equity having once acquired jurisdiction could either try the issues or remit the parties to their remedy at law.

In *Reynolds v. Stockton, supra,* a New Jersey insurance company by agreement re-insured the risks of a New York company, taking its assets and assuming its liabilities. The New Jersey company afterwards failed and a receiver was appointed for it by the New Jersey courts.

Thereafter, upon suit brought by creditor and the Attorney General of New Jersey in the courts of New York, the New Jersey receiver was appointed as ancillary receiver of the corporation.

The New Jersey receiver afterwards resigned and was succeeded by Stockton, who, however, was not substituted in the ancillary proceedings in New York. Subsequently an order was entered by the New York courts making certain allowances for fees and expenses and directing that the balance on hand should be paid to the receiver appointed by the New Jersey court, and that upon such payment the New York receiver should be discharged and the sureties on his bond released from further liability. This order was complied with. Subsequently, in the absence of the defendant receiver, a judgment in favor of the plain-

tiffs and against the New Jersey receiver for more than a million dollars was entered in New York and the plaintiffs in that case afterwards sought to have this judgment allowed in the proceedings in New Jersey, claiming that the judgment was entitled to full faith and credit.

It appeared that while doing business in New York the New Jersey company had, as required by the law of that state, deposited certain funds and securities with the superintendent of insurance of that state. The pleadings filed by plaintiffs in the New York court indicated that the purpose and scope of the suit was to reach this fund and the answer of the defendant receiver did not put in issue other claims of the plantiffs. Apparently by default the matter was referred to a referee and upon his report the judgment was entered which the New Jersey court later refused to recognize as a valid judgment. The Supreme Court of that state sustained this view for the obvious reasons as stated: First, that the judgment in New York was not responsive to any issue raised by the pleadings; second, that the receiver against whom judgment was entered had theretofore been in fact discharged by the very court entering the judgment; third, that even if the receiver had not been discharged, the Chancery Court of New Jersey would not be bound by judgment or decree entered against a receiver appointed in ancillary proceedings in the State of New York, for the reason that such a judgment would necessarily be only a judgment *in rem*—a principle which, as the opinion of the court states, ''runs through all administration proceedings, and has been recently considered by this court in the case of *Johnson v. Powers,* 139 U. S. 156.''

Even a casual consideration of this last named case will disclose that the doctrine there announced has no application to the facts which appear in the instant case. Even less applicable is, we think, *Porter*

*v. Sabin, supra.* In that case certain stockholders of a corporation for which a receiver had been appointed brought a suit in behalf of themselves and other stockholders against former officials of the corporation, alleging that, while these officials had the entire control and management of the business of the corporation, they were guilty of certain fraudulent transactions by reason of which the corporation became insolvent, and its capital wholly lost; further, that a receiver had theretofore been appointed who had the custody and possession of the property; that the complainants had caused to be presented to the state court a petition of the receiver stating that he had been requested by the plaintiffs and others to begin suit to recover from those officials the property lost by their misconduct, but that the receiver did not deem it expedient to do so without the sanction of the court; that this petition was opposed by a majority of the stockholders, and that the court had refused to direct the receiver to bring the suit; that application had been made to the state court for an order permitting the receiver to be made a party to the bill and the application had been denied; that the company had never been dissolved and was still in existence; that another company had been organized for the purpose of purchasing at judicial sale the stock and assets of the first corporation and of continuing its business; that these officials, who had been guilty of fraud, had secured control of this corporation and had procured it to apply for an order directing the sale of the assets and rights of action of the insolvent company; that the court, notwithstanding the protest of the plaintiffs had made an order for the sale of the entire assets of the corporation as a whole, including the right of action which these stockholders desired to bring; that the sale had been made and confirmed; that the entire matter was a fraudulent scheme and the bill prayed for an accounting against those officials and that the Minne-

sota company should be declared to have no interest in the cause of action. The bill was demurred to for want of jurisdiction because the state court which appointed the receiver was the only court having jurisdiction, second, for want of equity, and, third, because the receiver was a necessary party. The demurrer was sustained and the bill dismissed. Upon appeal the decree was affirmed by the United States court for the reason as stated that the proceedings would interfere with the administration by the state court of the estate in the receiver's hands. The court stated:

"Until the administration of the estate has been completed and the receivership terminated, no court of the one government can by collateral suit assume to deal with rights of property or of action, constituting part of the estate within the exclusive jurisdiction and control of the courts of the other."

The opinion further states that the state court upon further information might thereafter reconsider its former orders and might permit its receiver to sue or be sued upon any controverted claim.

The facts there alleged are not all like the facts which appear here. It is undoubtedly true, as a general proposition, that a court may in its discretion decide whether it will determine for itself all claims of or against the receiver appointed by it, or allow them to be litigated elsewhere. This, however, is beside the point.

In this case the court, as the record discloses, permitted the litigation against the defendant Surety Company to be carried on in the courts of New York. Its receiver participated in that litigation until after the issues had been clarified by two appeals to Appellate tribunals. It then decided that it would no longer permit its receiver to litigate in that forum. It did not, however, enjoin the claimant from prosecuting his suit there, in which case its action would have then been subject to review. On the contrary the

Illinois court permitted the proceeding in the courts of New York to ripen into a final judgment. The court of New York had jurisdiction of the subject matter and the person of the litigants, and therefore the judgment so entered is entitled to full faith and credit in the courts of other jurisdictions. This will not, as the receiver contends, amount to any interference with his administration of the assets of the estate. While the judgment roll (showing jurisdiction as it did) was evidence from which the court was bound to find the amount of that judgment with interest thereon to be due to the claimant, it would not necessarily follow that the claimant would be allowed to participate to the full amount of the judgment in the distribution of the assets.

There might be equities which would prevent this; for instance, if assets of the Illinois Surety Company should have been found in New York and appropriated to the judgment there. In such a case the Chancellor of the Illinois court would have full power to compel the claimant to do equity. No such facts, however, appear.

The order of the superior court denying the claim will be reversed and the cause remanded with directions to allow the claim with interest at the rate of 5 per cent per annum from the date of the judgment.

*Reversed and remanded with directions.*

McSURELY and JOHNSTON, JJ., concur.